People ex rel. Montgomery *v.* Barr, Clerk, etc.

THE PEOPLE, on the relation of Jehial H. Montgomery, Complainants, *v.* JAMES G. BARR, Clerk of the Court of Common Pleas of the City of Aurora, Respondent.

APPLICATION FOR MANDAMUS.

The Court of Common Pleas of the city of Aurora has power to issue final process to a foreign county.

Where local courts have jurisdiction to render judgment, they may issue final process, beyond the limits of their original jurisdiction, to aid in the enforcing of such judgments.

THIS petition by Jehial H. Montgomery, of the county of Kane, in the State of Illinois, represents, that Lyman E. Montgomery, on the 23rd day of September, A. D. 1858, in vacation after the June term of the Court of Common Pleas of the city of Aurora, A. D. 1858, by confession before Hon. A. C. Gibson, judge of the Court of Common Pleas of the city of Aurora, recovered a judgment against Robert Jones and Peter Jones, for the sum of three hundred and forty-one dollars and sixty-five cents, besides costs, in said court. That said judgment was regularly and legally obtained, and now remains in full force and effect, and unsatisfied. That an execution has issued to the sheriff of Kane county to serve, and has been returned by said sheriff, unsatisfied.

That the defendants have property in the county of Kendall, liable to execution.

That petitioner is now the owner of said judgment, the same having been assigned to him by the plaintiff in said judgment.

That on the 4th day of May, A. D. 1859, he went to the office of the clerk of the Court of Common Pleas of said city of Aurora, and requested him to issue an execution upon said judgment, directed to the sheriff of Kendall county, State of Illinois, against the goods and chattels, lands and tenements of said defendants in said judgment. That said James G. Barr, clerk of said court, then and there refused to issue said execution, directed to the sheriff of Kendall county, alleging as his reason for so refusing, that he had no authority by law to send an execution out of the county of Kane. By reason of which refusal to issue said execution, the petitioner is prevented from having satisfaction of the said judgment, as he is lawfully and justly entitled to have of the property of the said Robert Jones and Peter Jones, in said county of Kendall.

Wherefore petitioner prays the grant of a writ of mandamus under the seal of this court, directed to the said James G. Barr, clerk, as aforesaid, commanding him as such clerk, forthwith to issue an execution against the lands and tenements, goods and chattels of the said Robert Jones and Peter Jones, in the usual form of *fieri facias*, directed to the sheriff of Kendall county, in said State, to be by him executed in due form of law.

In this case, the parties agree that the facts stated in the foregoing petition are correctly stated, and that the same are truly and correctly stated, and shall be taken and considered by the court, the same as if they were returned by said Barr to an alternative mandamus.

It was agreed that all informalities shall be waived, and if in the opinion of this court, the law authorizes an execution to be issued to a foreign county, a final order shall be made, and a peremptory mandamus shall issue.

R. G. MONTONY, for Petitioner.

W. T. BURGESS, for Respondent.

BREESE, J. We do not understand that the case to which reference has been made by the defendant, *The People ex relatione Beebe* v. *Evans*, 18 Ill. R. 361, decides the question presented by this record, or as having any particular bearing on it, except as expressing the views of this court as to the territorial jurisdiction of such inferior courts as may be established by the General Assembly in the cities of this State, in pursuance of the first section of the fifth article of the constitution.

The objection which prevailed in that case was, that by the act of the General Assembly the grant of jurisdiction was not confined to the city limits of LaSalle, but extended to the towns

People ex rel. *Montgomery v.* Barr, Clerk, etc.

of LaSalle and Salisbury. No such objection is made here, but it is objected that the jurisdiction being confined to the city limits of Aurora, final process cannot issue from the Court of Common Pleas of that city as established by the act of February 11, 1857, (Session Laws of 1857, page 375,) although in a case properly arising within its acknowledged jurisdiction.

There is no question made, nor can there be, that the judgment in this case was rendered by the Court of Common Pleas of Aurora city, in a case not within the jurisdiction of that court. It is confessed, that the court had jurisdiction to render the judgment, and yet it is insisted with an appearance of earnestness, that there the power of the court ended—that although there is given to it by clear and express enactment the same power and authority and jurisdiction, and the clerk required to perform the same duties as the clerk of the Circuit Court—and all its orders, judgments and decrees to be enforced and collected in the same manner as are those of the Circuit Court, a judgment of that court cannot be enforced or collected, unless the debtor shall have real estate or goods and chattels within the city limits.

This certainly cannot be the meaning of the act, for if it were so, its passage would tend but in a very slight degree, to benefit the city and its business people, or meet their wants. Designed, as those courts are, to settle and dispose of the litigation arising in the cities, they would fall far short of the object, if a successful suitor in that court must stop on the recovery of his judgment. We hold, the court having proceeded to judgment in a case properly arising within its jurisdiction, can never be deprived of that jurisdiction.

When jurisdiction has once attached, it continues necessarily, and all the powers requisite to give it full and complete effect, can be exercised, until the end of the law shall be attained.

We do not wish to be understood as saying that this court, has jurisdiction to issue original process to be executed without the limits of the city, but we do say, where such process has been regularly issued and executed within those limits, the court cannot pause or be arrested in carrying out its jurisdiction to judgment and execution, and the clerk can and should on application being made, issue that process to any county in the State, the same, in all respects, as the clerk of the Circuit Court.

This power accorded to that court, local though it be, by no means takes from it its character as a court of inferior jurisdiction. It is such a court, but in the exercise of its admitted and conceded jurisdiction, it has all the power the Circuit Court of Kane county has, for the exercise of the jurisdiction con

ferred upon that court. Its power to issue final process to a foreign county is not denied, neither can it be denied to the Court of Common Pleas of the city of Aurora.

A peremptory mandamus will be awarded.

*Peremptory mandamus awarded.*