# JOHN R. DIXON

### *v.*

# LIZZIE DIXON.

1. INFERIOR COURTS IN CITIES—*of the territorial jurisdiction of the court of common pleas of the city of Amboy.* The court of common pleas of the city of Amboy, established by the act of March 11th, 1869, has no power to send its process beyond the territorial limits of the city.

2. PRACTICE *in chancery.* The question as to the sufficiency of a plea, in chancery, should not be raised by demurrer, but the plea should be set down for argument.

WRIT OF ERROR to the Court of Common Pleas of the city of Amboy; the Hon. ALONZO KINYON, Judge, presiding.

This was a bill for a divorce, filed September 13, 1870, in the court of common pleas of the city of Amboy, in Lee county, by Lizzie Dixon against John R. Dixon.

The defendant filed the following plea to the jurisdiction of the court:

"State of Illinois, Lee county, city of Amboy, ss. In the court of common pleas of the city of Amboy, September 10, A. D. 1870, *Lizzie Dixon* v. *John R. Dixon.* In chancery. The ·plea of John R. Dixon, defendant, to the bill of complaint of Lizzie Dixon, complainant. This defendant, by protestation, not confessing or acknowledging all or any of the matters and things in said complainant's bill of complaint mentioned or contained, to be true in such sort, manner and form as the same are therein set forth and alleged, for the plea to the whole of said bill says that the court here ought not to take, nor will take, cognizance of the cause aforesaid because he, the said John R. Dixon, says that the said city of Amboy, where the complainant by her said bill shows that she resides, is situated in the county of Lee and State of Illinois; that this defendant, at the time of the commencement of this suit, did not, has not since, does not now, and never did reside in the city of Amboy, but is, and at the time of the commencement of said cause, and at the time of the service of process herein, a resident in the city of Dixon, in said Lee county, and that service of process herein was actually had on him at said city of Dixon and outside of said city of Amboy ; that within the said Lee county there is, and at the time of the exhibition of said bill, and long before that time, there was, a circuit court of said Lee county having jurisdiction of matters of the sort and nature in said bill alleged, and having jurisdiction over the person of said complainant and this defendant, and at the time of the exhibition of said bill all said several matters therein contained were, and of right ought to be, pleaded and pleadable within the said circuit court of said Lee county and

not in this court; all which matters and things this defendant is ready to verify, wherefore since the said circuit court of Lee county has exclusive original jurisdiction of the said cause, the said defendant prays judgment if the said court of common pleas, now here holden, will, or ought to have, further cognizance of the cause aforesaid, and prays the judgment of this honorable court whether he ought further to answer the said bill, and prays to be hence dismissed with his reasonable costs in this behalf wrongfully sustained."

This plea was verified by the defendant's affidavit.

The complainant filed a general demurrer to the plea which the court sustained. The default of the defendant was thereupon entered and the cause set for a hearing *ex parte* in open court.

Upon a hearing, the court, on October 1, 1870, rendered a decree dissolving the bands of matrimony theretofore existing between the complainant and the defendant.

The defendant brings the record to this court.

Messrs. EUSTACE, BARGE & DIXON, for the plaintiff in error.

Mr. WM. E. IVES, for the defendant in error.

Per CURIAM: The plea to the jurisdiction in this case presented the question whether the court of common pleas of the city of Amboy has power to send its process beyond the territorial limits of the city. This question is decided by the cases of *People* v. *Evans*, 18 Ill. 361, and *Covill* v. *Phy*, 26 ib. 433. The plea was good, and the court should have so held. The question as to the sufficiency of the plea was raised by demurrer. The proper mode in chancery proceedings is, to set the plea down for argument.

The decree is reversed and the cause remanded.

*Decree reversed.*