## EMMA S. SPANGLER
### v.
## JOHN SPANGLER.

1. CHANCERY—DEMURRER.—In a bill for divorce plaintiff in error filed a plea denying that defendant in error was at the time of filing his bill, or since, a resident of J. county, in which the bill was filed, but averring that he was at that time, and still was a resident of W. county, and demanding the judgment of the court whether plaintiff in error ought to make any answer to the bill, etc. *Held*, that it was error to sustain a demurrer to such plea.

2. OFFICE OF PLEA IN CHANCERY.—A plea to a bill in chancery is proper whenever the defendant wishes to reduce the cause, or some part of it, to a single point, and from thence to create a bar to the suit.

ERROR to the Circuit Court of Jefferson county; the Hon. C. C. BOGGS, Judge, presiding. Opinion filed April 15, 1886.

Mr. C. H. PATTON, for plaintiff in error ; cited Davis v. Davis, 30 Ill. 181; Peeples v. Peeples, 19 Ill. 269 ; Gillilan v. Gray, 14 Ill. 416 ; Parker v. Parker, 61 Ill. 369 ; Way v. Way, 64 Ill. 410; Sommers v. Sommers, 16 Bradwell, 77.

Messrs POLLOCK & SONS, for defendant in error.

WILKIN, J. At the December term, 1885, of the Circuit Court of Jefferson county, defendant in error filed his bill for divorce against plaintiff in error. The bill alleges that both parties reside in said Jefferson county. To this bill plaintiff in error filed a plea denying that defendant in error was at the time of filing his bill or since, a resident of Jefferson county, and averring that he was at that time and still is a resident of Washington county in this State. The plea concludes by demanding the judgment of the court whether she ought to be compelled to make any answer to the bill, etc. To this plea the defendant in error filed a general demurrer, which was sustained. The plaintiff in error failing to answer further she was defaulted and on a hearing a decree was rendered in favor of the defendant in error. The only question presented for

our decision is as to whether or not the court erred in sustaining the demurrer to the plea.

It was not proper practice to dispose of a plea in chancery on demurrer. Story's Equity Pleading, Sec. 697; Daniell's Chancery Pleading and Practice, Vol. 1, Sec. 4, p. 713; Cochran et al. v. McDowell, 15 Ill. 10; Dixon v. Dixon, 61 Ill. 324. The demurrer may, however, be treated as equivalent to setting the plea for hearing, and we shall so consider it. By Sec. 5, Chap. 40, R. S., it is expressly provided that divorce proceedings shall be had in the county where the complainant resides. The latter clause of Sec. 2, Chap. 40, of the statute of 1845, was the same. In Way v. Way, 64 Ill. 410, the Supreme Court say: "The language is imperative, and excludes the right to commence proceeding in any other county than the one in which the residence of the complainant is fixed." If the statute could, by possibility, be construed into a different meaning, this case effectually disposes of all that is said by counsel for defendant in error as to the right of a complainant to bring a bill for divorce in any other county than that in which he resides. The allegation in the bill that the complainant resided in Jefferson county was a material and necessary one, and the plaintiff in error unquestionably had the right to put it in issue. Counsel for defendant in error seem to maintain that this can not be done by plea, and in the argument confound this plea with a plea in abatement to the jurisdiction as at common law, objecting to the manner in which it concludes, and citing authorities as to the requisites of a plea at law. It scarcely need be suggested that pleas in equity are not to be determined by the rules of pleading at law and hence the authorities cited both as to the office and form of this plea have no application whatever. The plea in this case is not a plea to the jurisdiction, but a plea in bar. The same defense set up in the plea might have been interposed by answer, as was done in Way v. Way, *supra*. It may with equal propriety be done by plea. A plea to a bill in chancery is proper whenever the defendant wishes to reduce the cause, or some part of it, to a single point, and from thence to create a bar to the suit. Smith's Chancery

Practice, Vol. 1, page 216; Story's Equity Pleading, Sec. 652.

Pleas in chancery are pure pleas and pleas not pure. Pleas not pure are sometimes called negative pleas—Ibid. Sec. 651. It was formerly doubted whether a purely negative plea was a legitimate mode of defense in equity; but that doubt has been dissipated, and it is now firmly established that such a plea is good—Ibid. 668. In Sec. 652, *supra*, the author says: " The true end of a plea is to save to the parties the expense of an examination of witnesses at large." It would, therefore, seem to be eminently proper in this kind of proceeding, if the complainant did not reside in the county in which the bill was brought, such residence being a " prerequisite to the existence of the right to file the bill," as was said in Way v. Way, *supra,* to raise the question, *by plea,* and *thus* save the expense of a general hearing. We see no objection to this plea, either in form or substance, as a plea in bar to a bill in chancery. The court below erred in holding it bad, and the decree is reversed and cause remanded for that reason.