(No. 18924.—

THE PEOPLE *ex rel.* The Motor Car Securities Corporation, Appellee, *vs.* THOMAS O. WALLACE, Clerk of the Circuit Court, Appellant.

*Opinion filed October 25, 1928—Rehearing denied Dec. 11, 1928.*

ROBERT E. CROWE, State's Attorney, GEORGE A. MIL-
LER, and LEROY MILLNER, (GEORGE F. BARRETT, CHARLES
V. BARRETT, CLIFFORD R. EDMISTER, EDWARD L. HOYER,
and CHRISTOPHER G. KINNEY, of counsel,) for appellant.

MORT D. and FRANK GOLDBERG, for appellee.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of
the court:

The Motor Car Securities Corporation, a corporation,
on March 1, 1926, recovered a judgment by confession in
the municipal court of Chicago against Joseph Klaub for
$175 and costs. The judgment remained unsatisfied, and
on May 23, 1927, the judgment creditor filed a transcript
of the judgment in the office of the clerk of the circuit
court of Cook county and ordered an execution on the tran-
script so filed. The execution was refused. The judgment
creditor then filed a petition, and later an amended petition,
in the superior court of Cook county for a writ of *man-
damus* commanding Thomas O. Wallace, the clerk of the
circuit court, forthwith to issue the requested execution.
The respondent demurred to the amended petition, but the
demurrer was overruled. He elected to stand by his de-
murrer, and judgment awarding the writ was rendered. An
appeal was prosecuted to the Appellate Court for the First
District and that court affirmed the judgment. By virtue
of a certificate of importance granted by the Appellate
Court a further appeal is prosecuted to this court.

The question presented is whether, under existing stat-
utory enactments, the clerk of the circuit court of Cook

county has, by the filing in his office of a transcript of a judgment rendered by the municipal court of Chicago, the authority to issue an execution on that transcript. To determine this question it will be necessary to set forth the pertinent statutory provisions.

Section 63 of the act entitled "An act in relation to a municipal court in the city of Chicago," (Cahill's Stat. 1927, p. 852; Smith's Stat. 1927, p. 907;) declares that, except as otherwise provided in the act, the judgments, orders and decrees of the municipal court "shall have the same force, be of the same effect, be liens upon real estate or any interest therein in the city of Chicago, to the same extent and under the same circumstances, and be executed and enforced in the same manner as the judgments, orders and decrees of the circuit court of Cook county;" that no judgment, order or decree of the municipal court, the amount of which, exclusive of costs, is at the date of its rendition less than $200, shall be a lien upon real estate, or any interest therein, except from the filing in the office of the clerk of the circuit court or registrar of titles of a transcript or certificate as defined; that upon the filing in the office of the clerk of the circuit court of any county in this State of a transcript of any judgment, order or decree of the municipal court, such "judgment, order or decree shall thenceforth have the same force, be of the same effect and be a lien upon unregistered real estate or any interest therein throughout such county to the same extent and under the same circumstances as a judgment, order or decree of the circuit court of such county;" that no judgment, order or decree of the municipal court shall be a lien upon or affect registered land, or any estate or interest therein, until a certificate by the clerk of that court, or a certified copy of such judgment, order or decree, is filed in the office of the registrar of titles of the county in which the land is situated and a memorial thereof is entered upon the register; that in any case an execution issued on any judgment, order or

decree of the municipal court, when against lands, goods and chattels within the city of Chicago, shall be directed to the bailiff, or if he is disqualified, then to the sheriff of Cook county, and shall be a lien upon the judgment debtor's personal property, and may be levied upon his property, real or personal, within the city of Chicago, to the same extent as an execution issued out of the circuit court of Cook county; that no execution upon a judgment, order or decree shall become a lien upon registered land, or any estate or interest therein, until the execution shall be levied on such real estate and a certificate of the levy shall be filed with the registrar of titles of the county in which the real estate is situated and a memorial thereof entered on the register; that executions against lands, goods and chattels outside of the city of Chicago shall be directed to the sheriff, or in case he is disqualified, to the coroner of the county in which the property is situated, and that an execution issued on a judgment of which a transcript has been filed in the office of the clerk of the circuit court of any county in this State shall throughout the county in which the transcript is filed, "be of the same force, have the same effect, be a lien to the same extent and be executed in the same manner" as if the execution had issued on a judgment of the circuit court of Cook county.

The first section of the act entitled "An act in regard to judgments and decrees, and the manner of enforcing the same by execution, and to provide for the redemption of real estate sold under execution or decree," (Cahill's Stat. 1927, p. 1539; Smith's Stat. 1927, p. 1665;) declares that, with respect to the creation of liens by judgments of courts of record, all real estate in the State shall be divided into two classes, the first consisting of all real property the title to which is registered under the provisions of "An act concerning land titles," approved May 1, 1897, as subsequently amended, and the second, of all such property not registered under the Land Titles act. Concerning real estate in the

first class, the section provides that upon compliance with section 85 of the Land Titles act a judgment of a court of record, or upon compliance with section 63 of the Municipal Court act a judgment rendered by the municipal court of Chicago, shall be a lien on the judgment debtor's real property for the period prescribed in respect of real estate in the second class. Section 1 further provides that with reference to real estate in the second class a judgment of a court of record shall be a lien upon the real estate of the judgment debtor within the county for which the court is held, for the period of seven years from the time the judgment is rendered or revived, but without priority of the lien of one judgment over that of another rendered at the same term of court or on the same day in vacation; that upon the filing in the office of the clerk of any court of record in any county in this State of a transcript of a judgment or decree rendered in any other county, "such judgment shall have the like force and effect, and shall be a lien upon the real estate of the party against whom the same is obtained in said county where filed, and execution may issue thereon in said county, in like manner as in the county where originally obtained," and that when execution is not issued on a judgment within one year from the time it becomes a lien it shall thereafter cease to be such, but that execution may issue upon the judgment at any time within the seven-year period, and the judgment shall become a lien on the real estate of the judgment debtor from the time the execution shall be delivered to the sheriff, or other proper officer, to be executed.

Section 12 of the act relating to clerks of courts (Cahill's Stat. 1927, p. 591; Smith's Stat. 1927, p. 615;) provides that the clerks shall issue the process of their respective courts in the manner provided by law. Section 14 of the Municipal Court act requires the clerk of that court to perform, with respect to the court, the duties usually performed by clerks of courts of record. By section 4 of the Judg-

ments, Decrees and Executions act (Cahill's Stat. 1927, p. 1540; Smith's Stat. 1927, p. 1666;) a judgment creditor may have execution on his judgment in the usual form, "directed to the proper officer of any county, in this State, against the lands and tenements, goods and chattels of the person against whom the same is obtained, or against his body, when the same is authorized by law."

The foregoing statutes do not differentiate between judgments rendered by the circuit and municipal courts with respect to their force and effect outside of the respective territorial jurisdictions of those courts. Either court, without the filing of a transcript of a judgment, may direct a writ of execution to the sheriff of any county in the State, by virtue of which that officer may levy upon and sell lands of the judgment debtor within the county. With respect to an execution upon a judgment of the municipal court, a transcript of which has been filed in the office of the clerk of the circuit court of a county in the State, the General Assembly did not, by section 63 of the Municipal Court act, provide in express terms that an execution might issue in such county or designate specifically the officer empowered, in such a situation, to issue the execution. Such provision is, however, made in section 1 of the act concerning judgments, decrees and executions, which declares that upon the filing in the office of the clerk of any court of record in any county of a transcript of a judgment or decree rendered in any other county, the judgment shall have the like force and effect and shall be a lien upon the judgment debtor's unregistered real estate in the county where filed, and concludes with the express authorization, "and execution may issue thereon in said county, in like manner as in the county where originally obtained." The execution may issue in the county where the transcript is filed. By the express language of section 1 that county must be one other than the county in which the judgment was rendered. A judgment of the municipal court of Chicago is necessarily rendered

in Cook county. Neither section 63 of the Municipal Court act nor section 1 of the Judgments, Decrees and Executions act, therefore, confers express power upon the clerk of the circuit court of Cook county to issue an execution upon a judgment rendered by the municipal court of Chicago, a transcript of which has been filed in his office.

Appellee, however, argues that a grant of power to the clerk of the circuit court of Cook county to issue executions upon transcripts of municipal court judgments arises by implication from the provisions of section 63 of the Municipal Court act. One instance will suffice to show that this contention is untenable. To make a judgment rendered by the municipal court for less than $200, exclusive of costs, a lien upon real estate, even if situated within the city of Chicago, the requisite transcript or certificate must be filed in the office of the registrar of titles of Cook county if the title to the land is registered, or in the office of the clerk of the circuit court of that county if the title is not registered. If the filing of the prescribed instrument in the specified office vests the officer in charge with the power to issue an execution on the judgment, then, in the case of land the title to which is registered, the registrar of titles of Cook county, and where the title is not registered, the clerk of the circuit court of the same county, will be vested with that power. The registrar of titles obviously has no authority to issue executions upon judgments. If the clerk of the circuit court of Cook county, by the mere filing in his office of a proper transcript or certificate, becomes vested with the power to issue an execution upon a judgment rendered by the municipal court of Chicago, then the latter court is deprived, not expressly but by implication, of control over the judgment and the process to enforce it. No such result was contemplated by the General Assembly in the enactment of section 63 of the Municipal Court act.

It may be assumed, as a general proposition, that every judicial tribunal which has jurisdiction to pronounce judg-

ment has authority to award execution. Exceptions to this rule must rest upon some clear and positive statutory limitation. If a court is competent to pronounce judgment it must be equally competent to issue execution to obtain its satisfaction. The implied authority of a court, however, to issue executions is restricted to those based upon judgments rendered by it. If an execution appears to have been issued from or by the clerk of a court other than that by which the judgment was rendered, specific statutory authority for the issuance of the writ must exist in order to give it validity. (1 Freeman on Executions,—3d ed.—sec. 10, pp. 30, 34.) In the absence of such authority an execution may issue only from the court in which the judgment was rendered, as distinguished from the same or another court in the county in which a transcript of the judgment is filed. (1 Freeman on Executions,—3d ed.—sec. 14, pp. 40, 41; *Shattuck* v. *Cox,* 97 Ind. 242; *Willamette Real Estate Co.* v. *Hendrix,* 28 Ore. 485, 52 Am. St. Rep. 800; *Bostwick* v. *Benedict,* 4 So. Dak. 414.) Likewise, a statute which authorizes the filing of a transcript of a judgment of an inferior court in the circuit court, so as to make the judgment a lien on real estate, does not warrant the issuance of an execution from the circuit court unless the statute makes express provision therefor. *Willamette Real Estate Co.* v. *Hendrix, supra;* 23 Corpus Juris, sec. 157, p. 387.

Every court has the inherent right to control its own process, and, unless authorized by statute, no other court may interfere with that right. The General Assembly has created exceptions to the rule that the court which renders a judgment exclusively controls both the judgment and its enforcement, but it has done so by making express provisions therefor in its enactments. One instance is the first section of the act relating to judgments, decrees and executions, to which reference has been made. Another is section 1 of article 12 of the Justices and Constables act,

(Cahill's Stat. 1927, p. 1569; Smith's Stat. 1927, p. 1699;) which provides that when it shall appear by the constable's return of the execution that the defendant has not sufficient personal property to satisfy the judgment and the plaintiff desires to levy on land, the justice may certify to the clerk of the circuit court of the county in which the judgment was rendered a transcript, which shall be filed by the clerk, and the judgment "shall thenceforward have all the effect of a judgment of the said court, and execution shall issue thereon out of that court, as in other cases." Both sections are manifestations of the legislative purpose expressly to authorize clerks of courts not rendering judgments, but in which transcripts are filed, to issue executions thereon. Section 63 of the Municipal Court act, by omitting specifically to grant that power, indicates the legislative intent not to confer it. The absence of express direction to issue executions upon the judgments of other courts, although transcripts of such judgments have been filed, constitutes a withholding of that power and authority. When the several statutes, the substance of which has been above stated, are considered, it is apparent that the power of issuing executions upon judgments rendered by the municipal court is vested in the clerk of that court exclusively, except where transcripts are filed in counties other than Cook by authority of section 1 of the act relating to judgments, decrees and executions.

The judgments of the Appellate and superior courts are reversed and the cause is remanded to the superior court, with directions to sustain the demurrer to the amended petition.

*Reversed and remanded, with directions.*