(No. 27250.—

WIEBOLDT STORES, INC., Appellee, *vs.* CYRIL C. STURDY.—
(OAK PARK TRUST & SAVINGS BANK, Appellant.)

*Opinion filed Sept. 24, 1943—Rehearing denied Nov. 12, 1943.*

SAMUEL SPITZER, and HENRY N. SHABSIN, for appellant.

REGINALD C. DARLEY, and OSCAR G. WAHLGREN, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

After the return of an execution "no property found and no part satisfied," issued on a judgment for $76.20, obtained by confession in the municipal court of Chicago against Cyril C. Sturdy, the plaintiff, Wieboldt Stores, Inc., instituted garnishment proceedings in the municipal court naming Oak Park Trust & Savings Bank as garnishee. Garnishee summons was directed to the sheriff of Cook county and was served by him on the bank. By special appearance the garnishee moved to quash the service challenging the power of the municipal court to send its garnishment process beyond the territorial jurisdiction or limits

of the city of Chicago. The garnishee alleged in its affidavit, that its place of business in Oak Park is outside the city of Chicago and that the summons was not served upon it within the territorial jurisdiction of the municipal court. The full purport of the motion to quash the service and to dismiss the bank as garnishee was that the clerk of the court had no authority to issue a garnishee summons directed to the sheriff of Cook county, "to serve the undersigned out of the territorial jurisdiction of this court." The motion was denied and conditional judgment was entered. On default of the bank, as garnishee, to enter an appearance, a final judgment was entered against it. On appeal to the Appellate Court for the First District the judgment was affirmed and a further appeal was prosecuted to this court on a certificate of importance granted by the Appellate Court.

Appellant's counsel contend that the garnishee summons constitutes original process and that only final process may be sent beyond the territorial jurisdiction of the court issuing the process.

In many decisions this court has asserted the rule that a local or municipal court, in the issuing of original process, is limited to its territorial jurisdiction. (*Miller* v. *People*, 230 Ill. 65; *Wilcox* v. *Conklin*, 255 Ill. 604; *Ladies of the Maccabees* v. *Harrington*, 227 Ill. 511; *Covill* v. *Phy*, 26 Ill. 433; *Holmes* v. *Fihlenburg*, 54 Ill. 203; *Gardner* v. *Witbord*, 59 Ill. 145; *Dixon* v. *Dixon*, 61 Ill. 324; *Joslyn* v. *Dickerson*, 71 Ill. 25; *Reid* v. *Morton*, 119 Ill. 118.) The rule is as firmly intrenched that when such a court has once acquired jurisdiction and has lawfully exercised its jurisdiction, a local or municipal court may issue its process to be served beyond the limits of the court's territorial jurisdiction, when it is for the purpose of enforcing the judgment. (*People ex rel. Montgomery* v. *Barr*, 22 Ill. 241, referred to with approval in *Miller* v. *People*, 230 Ill. 65; *Reid* v. *Morton*, 119 Ill. 118.) Final process, or

execution, may be sent by a city court outside of the city to enforce the collection of its judgment, (*People* v. *Wallace*, 332 Ill. 427; *City of Chicago* v. *Knobel*, 232 Ill. 112; *Reid* v. *Morton*, 119 Ill. 118,) and it may also send its process beyond the city limits in aid of an exercised jurisdiction which it has lawfully acquired. *Miller* v. *People*, 230 Ill. 65; *People ex rel. Montgomery* v. *Barr*, 22 Ill. 241.

In the case last cited this court said: "where such [original] process has been regularly issued and executed within those limits, the court cannot pause or be arrested in carrying out its jurisdiction to judgment and execution, and the clerk can and should, on application being made, issue that process to any county in the State, the same, in all respects, as the clerk of the circuit court." Section 63 of the Municipal Court Act authorizes execution on judgments of the municipal court of Chicago against real and personal property of the debtor outside the city limits, upon compliance with the requirements of said section. *People ex rel Motor Car Securities Corp.* v. *Wallace*, 332 Ill. 427.

In restricting the jurisdiction of municipal or city court to the corporate limits of the city in which it is established, the term "jurisdiction" has been held to relate to the exercise of such powers, only, as are judicial in their nature, and not to powers exercised in carrying out the court's judgments. (*Miller* v. *People*, 230 Ill. 65; *Reid* v. *Morton*, 119 Ill. 118.) It is conceded that the municipal court in the instant case had jurisdiction to enter the judgment, which was the jurisdictional basis for the garnishee summons.

Obviously there are two kinds of process that may be sent for service beyond the court's territorial jurisdiction: (1) process to enforce the satisfaction of a judgment, known as final process or execution; and (2) process in aid of or to carry out an acquired jurisdiction which has been lawfully exercised. Both were accorded recognition

by this court in *Miller* v. *People,* 230 Ill. 65. It is plain that a garnishment summons is not an execution and hence not final process, strictly speaking. However, in *Bear* v. *Hays,* 36 Ill. 280, this court, in considering it in relation to the plaintiff, said: "process against a garnishee in aid of a suit at law, * * * is not original process."

This court has recognized a statutory authority for sending garnishment process beyond the territorial jurisdiction of the court issuing the process, in *Toledo, Wabash and Western Railway Co.* v. *Reynolds,* 72 Ill. 487, wherein it is said: "Any person, whether resident or not, of the county in which the original judgment is rendered, may be summoned as a garnishee. It is not material, therefore, to determine whether a proceeding in garnishment is to be regarded as an original suit or a proceeding in the nature of execution of the original judgment. In either view, a court of general jurisdiction, by virtue of the statute giving the remedy, may send its process to any county in the State where the garnishee may be found."

The Garnishment Act, in essential respects, is the same now as it was when the case of *Toledo, Wabash and Western Railway Co.* v. *Reynolds,* 72 Ill. 487, was decided. As it now stands the authority and remedy is given to the jurisdiction of "any court of record." (Ill. Rev. Stat. 1941, chap. 62, par. 1.) The municipal court of Chicago is a court of record. (*Gillman* v. *Chicago Railways Co.* 268 Ill. 305.) We have heretofore held that the municipal court of Chicago and city courts have statutory authority to send their final process in the form of execution to any county in the State. (*People* v. *Wallace,* 332 Ill. 427; *City of Chicago* v. *Knobel,* 232 Ill. 112; *Reid* v. *Morton,* 119 Ill. 118.) Garnishment is an ancillary statutory proceeding in the nature of process to obtain satisfaction of a judgment rendered in the principal action. (*First Nat. Bank* v. *Hahnemann Institutions,* 356 Ill. 366.) It is an additional step in the original action, is remedial in nature

and designed to reach property of the judgment debtor after ordinary execution has failed. *Zimek* v. *Illinois National Casualty Co.* 370 Ill. 572; *Cariker* v. *Anderson,* 27 Ill. 358.

Jurisdiction to enter the judgment and execution being conceded and the writ of execution showing, "no property found and no part satisfied," further jurisdiction is incidental and necessary to carry the judgment into effect. The power of the court to render judgment necessarily carries with it power and jurisdiction to make orders necessary to give effect thereto and render the judgment binding and operative.

We think, in the instant case, jurisdiction is conferred by section 63 of the Municipal Court Act, (Ill. Rev. Stat. 1941, chap. 37, par. 423,) which in substance provides that judgments, orders and decrees of the municipal court shall have the same force, be of the same effect and be executed and enforced in the same manner as the judgments, orders and decrees of the circuit court of Cook county, except as is otherwise in the act provided. As the circuit court of Cook county has the right to send its garnishment process beyond its territorial jurisdiction, therefore, under this section, the municipal court has power to send its garnishment process beyond its territorial jurisdiction.

Garnishment process being ancillary to the judgment and issued for the purpose of its enforcement, may be sent beyond the court's territorial jurisdiction as authorized by section 63 of the Municipal Court Act. The motion to quash the writ was properly denied by the municipal court and the judgment of the Appellate Court is therefore affirmed.                    *Judgment affirmed.*