(No. 45649.—

WHITE WAY SIGN & MAINTENANCE CO., INC., Appellant, v. SELTZER PONTIAC, INC., Appellee.

*Opinion filed January 31, 1974.*

WARD, J., took no part.

Sheldon A. Harris, of Chicago (Stuart N. Litwin, of counsel), for appellant.

Orner & Wasserman, of Chicago (Norton Wasserman, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, White Way Sign & Maintenance Co., filed a notice of appeal to this court on December 13, 1972, from certain orders of the circuit court of Cook County dismissing garnishment proceedings, discharging the gar-

nishee (General Motors Acceptance Corporation) and refusing to vacate the aforesaid orders. Plaintiff contends that the trial court's action resulted in holding section 1 of the Garnishment Act (Ill. Rev. Stat. 1971, ch. 62, par. 33) unconstitutional. Section 1 provides:

> "Upon the filing by a judgment creditor or other person of an affidavit that the affiant believes any person is indebted to the judgment debtor, other than for wages, or has in his possession, custody or control any other property belonging to the judgment debtor, or in which the judgment debtor has an interest, and which includes written interrogatories to be answered by that person with respect to the indebtedness or other property and the last address of the judgment debtor known to the affiant as well as the name of the judgment debtor, the clerk of the court in which the judgment was entered shall issue summons against the person named in the affidavit commanding him to appear before the court as garnishee and answer the interrogatories in writing under oath."

In 1969 plaintiff and defendant, Seltzer Pontiac, Inc., entered into a lease agreement for the construction of a promotional sign on the latter's premises. The agreement contained a cognovit provision. Difficulties then arose in obtaining the necessary municipal permits and the sign was removed by order of court. In July 1972 judgment by confession was entered against defendant for $23,086.14. Plaintiff on August 21, 1972, filed an affidavit for nonwage garnishment pursuant to section 1 and summons was served upon the garnishee. During oral argument of this cause we were informed that defendant first received notice of the entry of the judgment and the ancillary proceedings from the garnishee. Defendant sought leave to open the judgment by confession (50 Ill.2d R. 276) and to dismiss the garnishment. Each matter was considered as separate and assigned to a different judge.

On October 12, 1972, the confession of judgment was opened with the judgment to stand as security, and leave was granted to file additional pleadings. Plaintiff filed an

amendment to its complaint, and in January 1973 defendant filed its answer thereto. A jury trial was demanded and this cause is now pending.

On November 13, 1972, defendant's motion to dismiss the garnishment proceeding and discharge the garnishee was sustained by the other judge, who on December 12, 1972, refused to vacate this order. After notice of appeal had been filed, plaintiff sought to stay the aforesaid orders but the motion was denied after it had been represented that all funds previously held by the garnishee and owed to defendant had been paid over to defendant subsequent to the entry of the November 13 order.

Before we might direct our discussion to the arguments presented in respect to the validity of section 1 of the Garnishment Act there is the threshold consideration as to this court's jurisdiction to entertain this appeal. Garnishment is an ancillary proceeding designed to obtain satisfaction of a judgment (*Wieboldt Stores, Inc. v. Sturdy,* 384 Ill. 271, 275) and is not a distinct or separate suit from the original action for judgment (*Zimek v. Illinois National Casualty Co.,* 370 Ill. 572, 574). The novel situation arising in this instance concerns the trial court's deviation from the requirements set forth in Supreme Court Rule 276 (50 Ill.2d R. 276). Normally, opening a judgment by confession would necessitate that ancillary matters be stayed, thereby preventing further efforts to obtain execution on the judgment to the extent that a possible meritorious defense had been asserted. Here, further proceedings were not stayed after judgment had been opened.

Having considered the nature of the order entered on November 13, we conclude that it was a final order because it determined the present rights of several of the parties in this controversy. (*Village of Niles v. Szczesny,* 13 Ill.2d 45, 48.) However, there still remained the pending dispute in the circuit court as to defendant's liability on

the contract. Supreme Court Rule 304 (a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. ***" 50 Ill.2d R. 304(a).

As the Committee Comments indicate, this rule is substantively identical to its predecessor, section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 50(2)). Where multiple parties or claims are involved and a final judgment is entered as to less than all, this court has held that Rule 304(a) or section 50(2) requires the express written finding by the trial court that an appeal is justified. (*Treece v. Shawnee Community Unit School District No. 84*, 39 Ill.2d 136, 139; see also *Bohannon v. Joseph T. Ryerson and Sons, Inc.*, 15 Ill.2d 470; *Ariola v. Nigro*, 13 Ill.2d 200.) We are of the opinion that the unusual circumstances of this case place it within the purview of Rule 304(a) because of the necessary interrelationship which exists between the action to obtain judgment, which is apparently unresolved, and the garnishment proceedings. The record does not contain the requisite finding by the trial court and we conclude that this appeal is not properly before us. Defendant's earlier motion to dismiss this appeal on jurisdictional grounds was improvidently denied.

*Appeal dismissed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.