NANCY L. CARRA, Plaintiff and Garnishor-Appellee, v. ROY L. HOLMES, Defendant.—(HERITAGE INSURANCE COMPANY OF AMERICA, Garnishee and Counterclaimant-Appellant.)

Third District    No. 78-370

Opinion filed June 5, 1979.

Joseph B. Lederleitner and Robert Marc Chemers, both of Pretzel, Stouffer, Nolan & Rooney, of Chicago, for appellant.

Joseph M. Cernugel, of Cirricione, Block & Krockey, of Joliet, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

On February 7, 1977, plaintiff, Nancy Carra, filed a complaint against defendant, Roy Holmes, seeking damages for injuries incurred in a traffic mishap allegedly caused by defendant's negligence. On March 18, 1977, after defendant had been served with summons and complaint, he entered a *pro se* appearance. No further appearance by defendant was made, and because of his failure to answer or otherwise plead the circuit court of Will County entered a default order against defendant on August 26, 1977. This was followed on January 10, 1978, by a judgment on the pleadings entered by the circuit court after hearing plaintiff's proof and finding same sufficient.

Plaintiff then proceeded to file an affidavit for non-wage garnishment against the garnishee, Heritage Insurance Company of America. The garnishee appeared and answered on May 1, 1978. That answer in effect

denied that the plaintiff was entitled to garnishment against the garnishee, and requested a declaration of rights as between the parties. On June 12, 1978, the garnishee moved for summary judgment based upon its answer of May 1. This was followed by a motion filed by plaintiff on June 23, 1978, to vacate the default judgment, and a similar motion filed by defendant on June 30, 1978.

A hearing on defendant's motion was held July 5, 1978. All parties were given notice. As a consequence of that hearing, the circuit court entered an order vacating the default judgment and dismissing the garnishment proceedings. The garnishee sought to have this action reconsidered, but according to a docket entry of July 13, 1978, the circuit court reaffirmed its prior decision and this appeal ensued.

Before this court the garnishee contends that it was error to dismiss the garnishment proceeding after an answer had been filed requesting a declaration of rights. In response the defendant questions whether this appeal is properly before us. We believe defendant's position is correct and this appeal must be dismissed.

In a case wherein the facts are strikingly similar to those in the case at bar, *White Way Sign & Maintenance Co. v. Seltzer Pontiac, Inc.* (1974), 56 Ill. 2d 342, 307 N.E.2d 386, the Illinois Supreme Court determined that Supreme Court Rule 304(a) denied the jurisdiction necessary for appellate review. The plaintiff in *White Way* had initiated a non-wage garnishment proceeding based upon a judgment by confession entered against the defendant, Seltzer Pontiac, Inc. Not unlike the situation in the instant case, the defendant in *White Way* sought to reopen the original judgment by confession, such relief being subsequently granted. In an additional action that parallels the case *sub judice*, the trial court in *White Way* dismissed the garnishment proceeding. An appeal to the supreme court followed.

■ Justice Kluczynski, speaking for the court, observed that:

> "Garnishment is an ancillary proceeding designed to obtain satisfaction of a judgment [citations] and is not a distinct or separate suit from the original action for judgment [citation]." (*White Way Sign & Maintenance Co. v. Seltzer Pontiac, Inc.*, 56 Ill. 2d 342, 344, 307 N.E.2d 386, 387.)

The controversy thus involves three parties, a plaintiff-garnishor, a defendant, and a garnishee. Further, the controversy involves claims between the plaintiff and the defendant and between the garnishor and the garnishee. Where there are multiple parties or multiple claims involved in a controversy, Supreme Court Rule 304(a) circumscribes the possibility of fragmented appeals. The Rule provides:

> "If multiple parties or multiple claims for relief are involved in

an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. \* \* \* In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a).)

Justice Kluczynski and the *White Way* court, relying on Rule 304, concluded that the appeal from the dismissal order was premature because the garnishment proceeding was of necessity related to the action to obtain judgment which remained unresolved.

We are persuaded that the appeal at bar is governed by the precedent established in *White Way*. Here, too, the action to obtain judgment remains unresolved. Where fewer than all claims for relief are resolved, an appeal will lie only where there is an express written finding by the trial court. The record does not contain the requisite finding by the trial court and we conclude that this appeal is not properly before us.

The garnishee argues on appeal that its answer, which admittedly requests a declaration of rights as between the parties, was in the nature of a counterclaim and thus could not be dismissed absent its consent. Such an argument, even if correct, would not alter our disposition of this appeal. There still remains pending in the controversy an unresolved claim. Until that claim is resolved, we have no jurisdiction to determine the propriety of the dismissal order.

Appeal dismissed.

ALLOY and STENGEL, JJ., concur.