**PINELLAS COUNTY, a political, subdivision of the State of Florida, Plaintiff,**

v.

**GREAT AMERICAN MANAGEMENT, AND INVESTMENT, INC., Defendant.**

**No. 90 C 5246.**

United States District Court, N.D. Illinois, E.D.

March 28, 1991.

James R. Clune, Marvin Riman, Harry G. Sachrison, Georgene M. Wilson, Sweeney & Riman, Ltd., Chicago, Ill., for plaintiff.

James R. Daly, Floyd Samuel Eberts, III, Charles Edward Watson, II, Jones, Day, Reavis & Pogue, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court are the motions of defendant Great American Management and Investment, Inc. ("Great American") and intervenor-defendant Madison Management Group, Inc. ("Madison") to dismiss plaintiff's complaint. For the reasons discussed below, the motions are granted.

1. Ill.Rev.Stat. ch. 110, para. 12–601 et seq. (1984).

2. According to the defendants, Madison was not properly notified of the commencement of this registration action. Pinellas disputes this assertion.

## FACTS

This case originates from a Florida state court proceeding in which plaintiff Pinellas County ("Pinellas") sued Madison and various others over alleged structural and engineering failures in a water pipeline system. On June 6, 1990, the Circuit Court for Pinellas County, Florida entered a judgment in favor of Pinellas and against Madison, among others, for $24,014,630.62. The judgment is presently on appeal in the Florida state court system.

On June 27, 1990, pursuant to the Illinois Uniform Enforcement of Foreign Judgments Act ("UEFJA"),[1] Pinellas registered the judgment of the Circuit Court of Pinellas County, Florida in the Circuit Court of Cook County, Illinois. This action was docketed as Case No. 90 L 10003.[2] Subsequently, Pinellas filed a separate action in the Circuit Court of Cook County, Case No. 90 L 18316, to register the final cost judgment (for $1,313,372.08) which had been entered by the Circuit Court of Pinellas County in the original Florida action.

On September 10, 1990, Pinellas filed the instant action against Great American, asserting diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[3] In this action, Pinellas alleges that Great American has possession of two promissory notes (in the sum of $26 million) payable on demand to Madison. Pinellas seeks to garnish these notes under the Illinois garnishment statute, for the purpose of satisfying its Florida judgment, now registered in the Circuit Court of Cook County.

## DISCUSSION

Defendants have moved to dismiss plaintiff's "Garnishment Complaint" on three grounds. First, they argue that this garnishment action is merely a post-judgment proceeding ancillary to plaintiff's state court judgment and is not an independent suit over which this court has subject mat-

3. In its complaint, Pinellas alleges that it "is a political subdivision of the State of Florida," Complaint, ¶ 1, and that Great American "is a Delaware corporation which has its principal place of business in Chicago, Illinois." Complaint, ¶ 2.

ter jurisdiction. Second, they argue that Pinellas is an arm of the state of Florida for jurisdictional purposes and is therefore not a "citizen" of a state as required to assert diversity jurisdiction under 28 U.S.C. § 1332. Third, defendants argue that Madison was not given notice of the instant garnishment action and that the plaintiff's failure to notify Madison constituted a violation of Madison's constitutional due process rights.[4] Because the court finds defendants' first argument dispositive, it does not reach the subsequent issues raised in their motion.

■ The Illinois garnishment statute, on which this action is based, provides for the institution of a garnishment proceeding, in relevant part, as follows:

> Upon the filing by a judgment creditor or other person of an affidavit that the affiant believes any person is indebted to the judgment debtor, other than for wages, or has in his or her possession, custody or control any other property belonging to the judgment debtor or in which the judgment debtor has an interest, and which includes written interrogatories to be answered by that person with respect to the indebtedness ... the clerk of *the court in which the judgment was entered* shall issue summons against the person named in the affidavit commanding him or her to appear in the court as garnishee and answer the interrogatories in writing under oath. [Emphasis added.]

Ill.Rev.Stat. ch. 110, para. 12–701 (1984). A plain reading of the statutory language here supports the defendants' position that under Illinois law, a garnishment action is merely a post-judgment proceeding in which jurisdiction is retained by the court which entered the underlying judgment.

In this case, the underlying judgment was originally entered in the Circuit Court of Pinellas County, Florida and was subsequently registered in the Circuit Court of Cook County, Illinois, pursuant to the UEFJA. Under the UEFJA, this registration entitled the Florida state court judgment to receive full faith and credit in Illinois, as if the judgment had been entered in the Circuit Court of Cook County. *See Paine, Weber, Jackson & Curtis, Inc. v. Rongren*, 127 Ill.App.3d 85, 82 Ill.Dec. 197, 468 N.E.2d 459 (1st Dist.1984) (Purpose of UEFJA is to implement the full faith and credit clause of the Federal Constitution and to facilitate interstate enforcement of judgments). Therefore, the court must decide whether a garnishment proceeding to enforce a judgment entered in the Circuit Court of Cook County may be filed in a separate action in federal court.

Defendants, citing considerable case law in support of their position, argue that this garnishment proceeding may not be filed as a separate action in federal court. *See, e.g., White Way Sign & Maintenance Co. v. Seltzer Pontiac, Inc.*, 56 Ill.2d 342, 307 N.E.2d 386 (1974); *Wieboldt Stores v. Sturdy*, 384 Ill. 271, 51 N.E.2d 268 (1943); *Hinchcliff v. Insurance Co. of N. Am.*, 277 Ill.App. 109 (1st Dist.1934). In *White Way Sign*, the Illinois Supreme Court held that "[g]arnishment is an ancillary proceeding designed to obtain satisfaction of a judgment [citation omitted] and is not a distinct or separate suit from the original action for judgment [citation omitted]." 56 Ill.2d at 344, 307 N.E.2d at 387; *accord Wieboldt Stores*, 384 Ill. at 275–276, 51 N.E.2d at 270 (garnishment is an "additional step in the original action"); *Hinchcliff*, 277 Ill.App. at 118–119 (" 'garnishment is in no sense a new suit, but is a special auxiliary remedy ... and is always ancillary to the main action under which it is brought' ").[5] Un-

---

**4.** Defendants acknowledge that the Illinois garnishment statute does not require the garnishor to serve notice of the garnishment proceeding to the judgment debtor. However, defendants argue that for this reason, the statute is unconstitutional.

**5.** The defendants note that the under the garnishment statutes of some states, or in proceedings where the interests of the judgment debtor

and the garnishee are separate, some courts have deemed garnishment proceedings to be separate and distinct from the underlying suit. However, as indicated above, Illinois law deems garnishment to be merely ancillary to the underlying action. Further, the parties do not dispute that the interests of the judgment debtor and the garnishee are aligned in the present case.

der the reasoning of these cases, the garnishment sought by plaintiff is ancillary to its original action for judgment, now registered in the Circuit Court of Cook County, and is not a separate suit capable of being filed independently in this court.

Moreover, Defendants also cite to a number of federal cases which have held that supplementary proceedings arising from state court judgments may not be removed to federal court. *See, e.g., Federal Savings & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1018 (7th Cir.1969); *American Auto Ins. Co. v. Freundt*, 103 F.2d 613, 617 (7th Cir.1939); *Richmond v. Allstate Ins. Co.*, 624 F.Supp. 235, 236 (E.D.Pa.1985). Although the present action does not come before the court on removal, the reasoning of these cases applies here nonetheless. For example, the court in *Richmond* stated:

> A party should not, as a general principle, be permitted to relitigate a state court action in the equivalent federal court. The notion of comity between state and federal courts also supports the view that a court should have control over its own process, including its mode of execution. Bifurcation of a case into two forums might do it practical violence. From a pragmatic viewpoint, it would be wasteful to have the appendage in federal court when the principal claim is being litigated in state court. The state courts may have more expeditious methods for adjudicating issues bearing on matters already *sub judice.* Finally, it might be thought unduly burdensome for a federal court to be forced to concern itself with sometimes minor matters (e.g. garnishment) arising out of the court proceedings.

*Richmond v. Allstate Ins. Co.*, 624 F.Supp. at 237, *quoting, Int'l Org. Masters, Mates and Pilots of America, Local No. 2 v. Int'l Org. Masters, Mates and Pilots of Amer-*

*ica, Inc.*, 342 F.Supp. 212, 214 (E.D.Pa. 1972). Each of these policy reasons articulated in *Richmond* apply with equal force here. The Circuit Court of Cook County is in the best position to entertain collection proceedings on judgments entered in its court. The defendants have failed to articulate any policy reason or equity consideration for severing the garnishment proceeding from the underlying state court action and permitting the garnishment to be litigated independently in federal court. Further, the plaintiff has cited no cases in which a federal district court has asserted jurisdiction over a post-judgment collection proceeding arising from a state court judgment.[6]

In opposing defendants' motion, plaintiff argues, in essence, that its underlying judgment—though entered in a Florida state court, and registered in an Illinois state court—must be characterized as an "Illinois judgment" (as opposed to an Illinois *state court* judgment). *See* Memorandum in Opposition to Motion to Dismiss ("Memorandum in Opposition"), p. 4. Thus, plaintiff reads the UEFJA to permit enforcement of judgments in any court located in Illinois, regardless of whether the court belongs to the state or federal judicial system. Plaintiff cites no cases in support of this interpretation of the UEFJA and indeed, provides no persuasive textual support or reasoning justify this position. The court finds Pinellas's position untenable. Nothing in the language or history of the UEFJA indicates that this statute may transmute a foreign state court judgment into federal court judgment for the purposes of collection. If a judgment creditor in an Illinois state court action cannot institute collection proceedings in this court, there is no reason why a Florida state court judgment creditor should be able to do so under the UEFJA.

---

**6.** The plaintiff notes that it filed a related garnishment action (arising from the same Florida state court judgment) against a different garnishee, which is currently pending in this district before Judge Brian Barnett Duff. The court docket sheet reflects that Judge Duff has entered judgment in favor of the garnishor in that case. However, the parties have subsequently briefed a motion to vacate that judgment and dismiss the complaint, based on the same issues presently before this court. This court takes a position different from that of its respected colleague.

Indeed, plaintiff concedes in its memorandum, that its UEFJA registration has the effect of giving plaintiff's judgment the status of an original judgment entered in Illinois. Memorandum in Opposition, p. 5. Inexplicably, plaintiff argues that although the judgment was registered in the Circuit Court of Cook County, it should be treated as if it were entered in federal district court as well as in the Circuit Court of Cook County. As explained above, this argument is both illogical and unsupported by relevant case law.

### CONCLUSION

For the reasons stated above, defendants' motions are granted. Plaintiffs' complaint is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.