Toledo, Wabash and Western Railway Company

*v.*

T. J. Reynolds, use of L. Marx.

1.   Garnishee—*process may be sent to any county in the State.* Where a judgment is rendered in the circuit court, process of garnishment can be sent to any county in the State where the garnishee may be found, and in this respect there is no difference between natural persons and corporations. Either may be served as garnishee.

2.   Appearance—*plea to the jurisdiction.* Where a garnishee files a plea to the jurisdiction of the court, to which a demurrer is sustained, and the garnishee stands by his plea, this does not constitute a full appearance on the part of the garnishee, and it is error to render final judgment against him.   In such case, the judgment should be a conditional one, as upon a default, and a *scire facias* ordered returnable to the next term.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. O. T. REEVES, for the plaintiff in error.

Mr. P. E. HOSMER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

In 1872, L. Marx recovered a judgment in the circuit court of Washington county, against Reynolds, on which execution was issued, and returned no property found. Marx then sued out a garnishee process against the railroad company, which was served on its agent in McLean county. A plea to the jurisdiction of the court was filed, to which the court sustained a demurrer. Plaintiff in error having elected to stand by its plea, the court rendered final judgment against it for the amount of the judgment, in favor of Marx, against Reynolds.

It is insisted a proceeding in garnishment is an original suit, and hence it is claimed it was not lawful to serve the garnishee process upon an agent of the company out of the county where the original suit was pending. The statute under which these proceedings were had seems to authorize the judgment creditor to have process directed to any county where any person may reside, who may have money or effects in his possession belonging to the judgment debtor. The statutory provisions are very broad and liberal. It is declared it shall be lawful for the court or justice of the peace before whom the original judgment had been rendered, to cause any person or persons supposed to be indebted to or to have any effects or estate of defendant, to be summoned forthwith to appear "before said court or justice of the peace as garnishee or garnishees." R. S. 1845, sec. 38, p. 307.

The remedy given by the statute is not limited. Any person, whether resident or not of the county in which the original judgment is rendered, may be summoned as a garnishee. It is not material, therefore, to determine whether a proceeding in garnishment is to be regarded as an original suit or

a proceeding in the nature of execution of the original judgment. In either view, a court of general jurisdiction, by virtue of the statute giving the remedy, may send its process to any county in the State where the garnishee may be found. There is no difference between natural persons or corporations in this regard. Either may be summoned as garnishee. It is true, a justice of the peace can not send process beyond the territorial jurisdiction of such a court, as defined by statute.

The judgment in this case was obtained in the circuit court, and no reason is perceived why it could not send process of this character to any county in the State. The fact the garnishee is to be summoned to appear before the court which rendered the original judgment, excludes the idea the proceeding can be commenced in any other county. Any other construction would defeat the intention of the legislature in the passage of the act. Manifestly, it was the intention to give a remedy in exactly such cases as this, to facilitate the collection of debts.

The second error, however, is well assigned. The filing of the plea to the jurisdiction was not a full appearance on the part of the company. Hence it was error to render final judgment on sustaining the demurrer to the plea to the jurisdiction of the court. The judgment should have been a conditional one, as upon default, and a *scire facias* should have been ordered returnable to the next term of the court, to show cause why the judgment should not be made absolute. R. S. 1845, sec. 16, p. 67.

For the error indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*