Bowen v. Pope.

*Reversed and remanded.*

BENJAMIN BOWEN, FOR USE, ETC.,

v.

THOMAS POPE ET AL., PARTNERS.

*Garnishment—Attachment—Note in Another State—Jurisdiction.*

1. A garnishee proceeding being in the nature of a proceeding *in rem*, not only the garnishee but the *res* itself must be within the jurisdiction of the court.

2. A promissory note which is in another State, but within the control of the garnishee, who is within the jurisdiction, can not be reached by garnishee process.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. J. C. BROADY, for appellant.

Mr. WILLIAM McFADDON, for appellees.

CONGER, P. J.  On the 12th of October, 1885, Simmons Hardware Company, a corporation of St. Louis, Missouri, commenced an attachment suit in the Circuit Court of Adams County, Illinois, against Benjamin Bowen, of Edina, Missouri. On the same day appellees, Pope, Lockwood & Company, who

were residing and doing business in Quincy, Illinois, were served as garnishees in said suit.

Wm. R. Lockwood, a member of said firm, at the time of said service was at Edina, Missouri, in possession of notes on various parties in Missouri, holding them for his firm, though they were payable to and belonged to appellant Bowen. Lockwood was notified by a telegram of the service having been made at Quincy upon the other members of his firm, and after such information, at Edina, Missouri, surrendered such notes to Bowen. At no time after the service of the writ of garnishment did any members of the firm of Pope, Lockwood & Company have any of said notes within the limits of the State of Illinois.

Upon these facts being set forth in the answer the court below held, appellees, as such garnishees, were not liable for the value of these notes, and the correctness of this decision is the only question presented by the record.

Our statute upon garnishment has expressly made choses in action subject to its provisions, and provides by Sec. 20 that, "when any garnishee has any goods, chattels, choses in action or effects other than money, belonging to the defendant, or which he is bound to deliver to him, he shall deliver the same, or so much thereof as may be necessary, to the officer who shall hold the execution in favor of the plaintiff in the attachment suit, or judgment, which shall be sold by the officer, and the proceeds applied and accounted for in the same manner as other goods and chattels taken on execution."

By this section promissory notes, or the evidences of indebtedness, are to be delivered to the officer and sold as other property, and it follows that promissory notes must have a *situs* of their own as much as the chattel property, and if they are not within the territorial jurisdiction of the courts of this State at the time, or after the service of the garnishee process, we do not think they can be reached by our courts.

A garnishee proceeding is in the nature of a proceeding *in rem*, and to the effectual creation of a lien it is not enough that the garnishee be within the jurisdiction of the court issuing the process. The *res* itself must also be within the juris-

diction of such court.    Drake on Attachment, 472; Suther-
land v. Second Nat. Bank of Peoria, 78 Ky. 253; Plimpton v.
Bigelow, 93 N. Y. 596.

It is said in Waples on Attachment and Garnishment, pp.
226, 227, 249, that in a garnishee suit the garnishee, whether
he be a resident or non-resident of the State in which the
garnishee process has issued, is not obliged to answer except
as to property actually within, or which, by contract, the gar-
nishee is bound to deliver to the defendant in the attachment
suit within, the State last named.

He can not be required to answer as to property of the at-
tachment defendant which he has in another State, and if the
garnishee should answer that he had property of said attach-
ment defendant in another State, he could not be held charge-
able upon his answer for such property.    To the same effect
see Bates v. C., M. & St. P. Ry., 60 Wis. 302.

The case of Childs v. Digby, 24 Pa. St. 23, holds a contrary
doctrine, but if not overruled in the case of the Pa. R. R. Co.
v. Lennock, 51 Pa. St. 244, it seems to stand alone, and is
opposed by the decided weight of authority.

It seems clear under our statute that a court dealing with a
promissory note found in the possession of a garnishee, which
is payable to and the property of the defendant in attachment,
deals with the note itself.    The garnishee by surrendering it
to the officer discharges himself from all liability, and has done
all that the court can require of him.

Hence it follows, we think, that the note itself must be
within the territorial jurisdiction of the court attempting to
deal with it, for, as said in D'Arcy v. Ketchum, 11 How. 165,
"the authority of every tribunal is necessarily restricted by
the territorial limits of the State in which it is established.
Any attempt to exercise authority beyond these limits would
be deemed in every other forum an illegitimate assumption of
power, and be resisted as mere abuse."

It may be urged that the garnishee, being within the juris-
diction of the court and subject to its lawful orders, can be re-
quired to either bring the property, which he may have under
his control in a foreign State, within the jurisdiction of the

court, or otherwise dispose of it, so that the plaintiff in the attachment suit may reap a benefit therefrom, upon the same principle that a court of chancery, acting *in personam*, may decree the conveyance of land in any other State, and may enforce such decree by process against the defendant. But in such cases it is not the decree that operates beyond the jurisdiction of the court, but only the conveyance from the owner, which would accomplish the result of transferring the title, whether voluntarily made or in obedience to the decree of the court.

If a garnishee answers that he has property of the defendant under his control in a foreign State, and has not the means or the time to go where it is, and there sell or dispose of it, or to bring it within the jurisdiction of the court and surrender it, how can the court compel him to do so?

Under no circumstances can a garnishee, by the operation of the proceedings against him, be placed in any worse condition than he would be in if the defendant's claim against him were enforced by the defendant himself. Drake on Attach., Sec. 462. A garnishee might have the possession and control of property at a place where there was no market for its sale, and would be compelled, if required to convert it into money, to advance his own means to transfer it to a market, taking upon himself the risk of such transportation, as well as the risk of losing money by the venture.

If a court could not proceed in such an extreme case as that suggested, it would be powerless to do so in all cases when the property itself was beyond its jurisdiction, for unless it can compel the garnishee to bring all property, or its proceeds, within its jurisdiction, whatever the peculiar circumstances may be, it would have no power to do it in any particular case.

We think the Circuit Court decided correctly, and its judgment will be affirmed.

*Judgment affirmed.*