(No. 21984.—

THE FREEPORT MOTOR CASUALTY COMPANY, Plaintiff in Error, *vs.* JOHN P. MADDEN, Defendant in Error.

*Opinion filed December 22, 1933.*

SNAPP, HEISE & SNAPP, for plaintiff in error.

DYER & DYER, and MILLER & SHAPIRO, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

This cause is here on *certiorari* to review an order of the Appellate Court dismissing a writ of error on the ground that a judgment in garnishment can be reviewed only on appeal.

Jose Byrd recovered a judgment against John P. Madden in the circuit court of Kankakee county for $4000. Upon the return of an execution *nulla bona,* garnishment proceedings were instituted by Madden, for the use of Byrd, against the Freeport Motor Casualty Company, and a judgment was obtained against the defendant garnishee for $4129.82 and costs. Orders for appeal were taken, a bond was filed and approved and a bill of exceptions was signed, all in apt time. Notwithstanding the appeal the garnishee sued out a writ of error from the Appellate Court for the Second District. Upon motion of Madden it was dismissed, as above stated. The claim is made by the garnishee that such a judgment may be reviewed either on appeal or writ of error. Madden contends that the judgment can be reviewed only on appeal.

In this State the right to appeal from a judgment or order of a *nisi prius* court in civil proceedings is purely statutory, and it is within the power of the legislature to prescribe the cases in which and the court to which a litigant may bring a cause for review by that method. But the writ of error, unless abolished by statute, is a writ of right applicable to all cases in which jurisdiction is exercised according to the course of the common law but inapplicable to cases not known to or in derogation of the common law (*City of Chicago* v. *Steamship Lines,* 328 Ill. 309; *People* v. *Emmerson,* 294 id. 219;) unless otherwise provided by statute. Generally speaking, the legislature of this State has not chosen to extend the right to cases which are purely statutory. In instances where the writ is permitted for the purpose of reviewing a statutory proceed-

ing the authority is by express legislation. In *Haines* v. *People,* 97 Ill. 161, it was declared that the right of review by writ of error exists independently of any statutory or constitutional provision, by force of the common law, in all cases in which jurisdiction of such inferior court is exercised according to the course of the common law, and in that class of cases the writ is available whether an appeal is given or not. In *Kingsbury* v. *Sperry,* 119 Ill. 279, a writ of error was sued out to reverse an order of the county court permitting a guardian to mortgage his ward's real estate. This court through Mr. Justice Scholfield said: "It is not claimed that the county court, in making the orders questioned, was in the exercise of a jurisdiction according to the course of the common law. On the contrary, it is clear that the jurisdiction exercised was unknown to the common law and was purely statutory. In such cases, where, as here, an appeal is given to the circuit court, a writ of error does not lie from this court." The writ of error was accordingly dismissed.

A corollary of the rule thus adopted by this court is that in proceedings which are purely statutory and in which the jurisdiction of the court is not exercised according to the course of the common law there can be no review of the judgment of an inferior court unless it is specifically provided for by statute, and then the review must be had in the manner prescribed. (*Hart Bros.* v. *West Chicago Park Comrs.* 186 Ill. 464; *City of Chicago* v. *Steamship Lines, supra; Allerton* v. *Hopkins,* 160 Ill. 448.) In statutory proceedings a writ of error is not a writ of right, and the legislature may deny review altogether or it may provide for a review by some method other than by writ of error. (*Hart Bros.* v. *West Chicago Park Comrs. supra; Saylor* v. *Duel,* 236 Ill. 429; *Lake Shore and Michigan Southern Railway Co.* v. *Richards,* 152 id. 59; *Loomis* v. *Hodson,* 224 id. 147.) The writ of error, independent of constitutional or legislative provision, is a writ of right

only in cases known to the common law. *Drainage Comrs.* v. *Harms,* 238 Ill. 414.

Garnishment is a statutory proceeding unknown to the common law. The jurisdiction of our courts in such a proceeding is not exercised according to the course of the common law and it cannot be extended to cases beyond the provisions of the statute. (*Siegel, Cooper & Co.* v. *Schueck,* 167 Ill. 522.) It has been said that the proceeding is an anomaly. Whether or not it is a legal or equitable action the authorities are not agreed. (12 R. C. L. 776.) It is in the nature of a proceeding *in rem* but moves against a garnishee *in personam.* It is not an independent proceeding but is ancillary or auxiliary. It depends upon another proceeding in law or equity. It is entirely remedial, and is resorted to either in aid of a pending action or in aid of an execution issued on a judgment already recovered. In *City of Chicago* v. *Steamship Lines, supra,* a judgment in forcible entry and detainer was entered in the municipal court of Chicago. A writ of error was sued out of the Appellate Court for the First District to review the judgment. The Appellate Court dismissed the writ because of lack of jurisdiction to entertain it. A certificate of importance and appeal brought the cause to this court. In our opinion we said: "The action being a special statutory proceeding in derogation of the common law the statute must be strictly followed as to the remedy pursued, and attention must be had to the provisions of the statute to determine whether an appeal or writ of error, or both, are allowed to review the judgment of the trial court in such a proceeding." We held that the Appellate Court had no jurisdiction to entertain the writ of error, as the only right of review given by the statute was by appeal. The order of the Appellate Court dismissing the writ was affirmed.

In a statutory proceeding where one form of review is specifically given all other forms of review are excluded.

(*Allerton* v. *Hopkins, supra; People* v. *McGoorty,* 270 Ill. 610.) Inasmuch as a proceeding in garnishment is not a common law action and the jurisdiction of courts in entering a judgment in garnishment is not exercised according to the course of the common law, a review of the judgment can only be had in the manner provided by the statute relating to garnishments. Section 28 of the Garnishment act (Cahill's Stat. 1933, p. 1512,) provides that an appeal may be taken from the judgment by any party to such proceeding in like manner as appeals are taken in other cases. No provision is made for review by writ of error. Such a remedy is therefore not available to an aggrieved party.

The order of the Appellate Court in dismissing the writ of error was correct and is therefore affirmed.

*Order affirmed.*