ROBBINS, COE, RUBINSTEIN AND SHAFRAN, LTD., Plaintiff-Appellee, *v.* RO
TEK, INC., Defendant—(FIRST NATIONAL BANK IN PERU, Garnishee-
Defendant-Appellant).

(No. 59854;

First District (2nd Division)—October 8, 1974.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Douglas M. Reimer and James W. Carter, Jr., of counsel), for appellant.

Carmel, Ellis & Baker, Ltd., of Chicago (Kenneth Edward Marcus, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This appeal is taken from an order of the circuit court denying garnishee-defendant-appellant First National Bank in Peru's (hereinafter the bank's) motion to dismiss or in the alternative to transfer to the circuit court for LaSalle County the garnishment proceedings initiated against it in the circuit court of Cook County by plaintiff-appellee Robbins, Coe, Rubenstein & Shafran, Ltd. (hereinafter plaintiff).

The sole issue presented for review is whether section 94 of title 12[1] of the United States Code applies to the situation where a national bank is a garnishee-defendant.

On March 28, 1973, judgment in the principal action was entered on behalf of the plaintiff in the circuit court of Cook County in the amount of $764 plus costs. On August 8, 1973, in accordance with statutory requirements,[2] plaintiff filed an affidavit for garnishment (nonwage) with the clerk of the circuit court of Cook County and caused to be issued a nonwage garnishment summons which was served upon the bank in LaSalle County, Illinois.

The bank filed a general appearance along with a motion to dismiss or transfer the garnishment proceedings. In its written motion the bank alleged its status as a national banking association; that it is located and

---

[1] Section 94, title 12, of the United States Code (the Banking Act) provides that: "Venue of suits. Actions, and proceedings against any association under this title [National Banks] may be had in any district, or Territorial court of the United States held within the district in which such association may be established, or in any State, County, or municipal court in the county or city in which said association is located having jurisdiction in similar cases." 12 U.S.C. § 94 (1970).

[2] Ill. Rev. Stat. 1971, ch. 62, par. 33 *et seq.*

maintains its only office in the city of Peru, county of LaSalle, Illinois; that, under title 12, section 94, of the United States Code (the Banking Act), no action or proceeding could be maintained against it in any county other than LaSalle County; and that the garnishment proceeding should therefore be dismissed or, in the alternative, transferred to La-Salle County.

In response to these allegations, appellee asserted that section 94 relates only to direct lawsuits against national banking corporations and, since a garnishment action is not a new or independent lawsuit but merely an ancillary proceeding to enforce a judgment obtained against a third party, the federal venue provision does not control.

The trial court, in denying the bank's motion, made the following specific findings of fact:

"1. That the Garnishee Defendant is a National Banking Corporation, organized under and subject to Title 12 of the United States Code.

2. That the garnishment proceedings herein were of a supplemental nature only and ancillary to the lawsuit filed in the Circuit Court of Cook County.

3. That service of garnishment summons was properly made upon Garnishee Defendant in LaSalle County, Illinois.

4. That Section 94 of Title 12 of the United States Code is not applicable as to a National Bank, which, as here is no more than a Garnishee Defendant."

It is from this order that the bank prosecutes this appeal.

## I.

■■ Section 94, title 12, of the United States Code provides for the venue of suits, actions, and proceedings against national banks. These venue provisions are mandatory (*Mercantile National Bank v. Langdeau* (1963), 371 U.S. 555, 561-62, 9 L.Ed.2d 523, 83 S.Ct. 520; *Buffum v. Chase National Bank* (7th Cir. 1951), 96 L.Ed 702, 192 F.2d 58, *cert. denied,* 342 U.S. 944) and are representative of congressional authority to prescribe the circumstances under which national banks can be sued (*Mercantile National Bank v. Langdeau, supra,* at 559). Nevertheless the mandatory application of these provisions has been qualified by the United States Supreme Court on two occasions.

In *Casey v. Adams* (1880), 102 U.S. 66, 26 L.Ed. 52, Adams & Co. foreclosed the mortgage held by it on a certain parcel of land and sought to gain possession of the property, but the sheriff refused to implement the adjudication until Adams & Co. paid certain mortgage claims of the

New Orleans Banking Association and other creditors. When Adams & Co. obtained a rule against the creditors to show cause why the mortgage claims should not be cancelled, Casey, the receiver of the banking association, appeared and argued, pursuant to the statutory predecessor of section 94, that a national bank could be sued only in the county in which it is located. The lower court ruled in favor of Adams & Co.

On appeal the United States Supreme Court noted the local nature of the proceeding and that the only obstacle to final settlement was a conflict of privileges to the proceeds of the sale among the various creditors. The Court then concluded that Adams & Co. had made no personal claim against the bank but only sought to "class the privilege" of the bank on the property "according to its rank." In affirming the lower court's ruling, the Supreme Court declared:

"[A]nd we see nowhere in the Banking Act any evidence of an intention on the part of Congress to exempt banks from the ordinary rules of law affecting the locality of actions founded on local things. The distinction between local and transitory actions is as old as actions themselves, and no one has ever supposed that laws which prescribed generally where one should be sued, included such suits as were local in their character, either by statute or the common law unless it was expressly so declared. Local actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated. To give the act of Congress the construction now contended for, would be, in effect, to declare that a national bank could not be sued at all in a local action where the thing about which the suit was brought was not in the judicial district of the United States within which the bank was located. Such a result could never have been contemplated by Congress." ( 102 U.S. at 67-68. )

Accordingly, the venue provisions of section 94 are not applicable to purely local proceedings.

■■ The second exception to the mandatory application of section 94 was articulated by the Supreme Court in *First National Bank v. Morgan* (1889), 132 U.S. 141, 33 L.Ed. 282, 10 S.Ct. 37. There the Court held that the venue provisions of the banking act can be waived if a national bank fails timely to assert its right to be sued in its home county. (132 U.S. at 145.) Also, *Central Bank v. Superior Court* (1973), 30 Cal. App. 3d 913, 106 Cal. Rptr. 696.

In the case at bar it is conceded that the bank is a national banking corporation and, having made prompt objection to the venue of the court, it has not waived its right under section 94. The further question of whether garnishment proceedings are local in nature and there-

fore exempt from application of the Federal venue provisions first requires some analysis of the character of such proceedings.

■■ Garnishment, unknown to the common law, is a statutory proceeding whereby property of defendants in civil actions in the possession of third persons is subjected to payment of judgments recovered against such defendants (see 20 I.L.P. *Garnishment* § 1 *et seq.* (1956)). It has long been recognized as an ancillary statutory proceeding in the nature of process to obtain satisfaction of a judgment rendered in the principal action. Our courts have recognized that under the state garnishment act, process may be sent to any county in the state (*Toledo, W. & W. Ry. Co. v. Reynolds* (1874), 72 Ill. 487, 488-89; *Wiebolt Stores, Inc. v. Sturdy* (1943), 384 Ill. 271, 275, 51 N.E.2d 268). In *Toledo, W. & W. Ry. Co. v. Reynolds,* our supreme court specifically recognized that "[a]ny person, whether resident or not of the county in which the original judgment is rendered, may be summoned as a garnishee," reasoning that the legislature clearly intended this course of action so as to facilitate the collection of debts. (72 Ill. at 488-89.) In fact the bank does not otherwise contend.

■■ The garnishment process is remedial in nature and is an additional step in the original action for judgment and is designed to reach property belonging to the judgment debtor after ordinary execution has failed. (*Zimek v. Illinois National Casualty Co.* (1939), 370 Ill. 572, 574, 19 N.E.2d 620; *Baron v. Villareal* (1968), 100 Ill.App.2d 366, 373, 241 N.E.2d 227.) It is in the nature of a proceeding in rem although it moves against a garnishee in personam (*Freeport Motor Casualty Co. v. Madden* (1933), 354 Ill. 486, 489, 188 N.E. 415; *Bowen v. Pope* (1887), 26 Ill.App. 233, 235), since it is not enough that the garnishee be within the *jurisdiction* of the court issuing the process—the *res* itself must also be within the court's jurisdiction (*Bowen v. Pope, supra,* at 234-35). Thus, while a garnishment action moves against the garnishee in personam (*Freeport Motor Casualty Co. v. Madden, supra,* at 489), the object of the proceeding is to obtain property of the judgment debtor which is within the jurisdiction of the court issuing the process and which is held by the garnishee (also within such jurisdiction), whomever the latter may be, and wherever in the state he may be. Indeed, after service of the garnishment summons, the garnishee is no more than a mere stakeholder. *Equitable Life Assurance Society of the United States v. Wagner* (1954), 2 Ill.App.2d 284, 119 N.E.2d 405 (abstract opinion).

Plaintiff urges that garnishment proceedings are ancillary to an original lawsuit and not "actions and proceedings" to which section 94 applies. Put another way, plaintiff urges that Congress never intended

to prescribe the proper venue for proceedings, such as garnishment, which are merely ancillary to a principal action. Indeed, the statute by its own terms applies only to "[s]uits, actions, and proceedings *against* any association under this title \* \* \*." (Emphasis supplied.) In support of its position, plaintiff points out that the cases relied upon by the bank which concern the applicability of section 94 all involved a direct suit against a bank wherein the liability of the bank itself was at issue. *E.g., Michigan National Bank v. Robertson* (1963), 372 U.S. 591, 9 L.Ed.2d 961, 83 S.Ct. 914 (charge of usury); *Mercantile National Bank v. Langdeau* (1963), 371 U.S. 555, 9 L.Ed.2d 523, 83 S.Ct. 520 (conspiracy to defraud); *Anderson v. First Security Bank* (D.C. Idaho 1944), 54 F.Supp. 937 (malicious prosecution).

As noted above, garnishment proceedings are directed toward obtaining the property of the judgment debtor that is held by the garnishee within the jurisdiction of the court wherein the judgment in the principal action was rendered. Once the garnishment summons has been served the garnishee becomes merely a stakeholder. Accordingly, our supreme court in *Freeport Motor Casualty Co. v. Madden, supra,* at page 489, declared that:

> "[Garnishment] is not an independent proceeding but is ancillary or auxiliary. It depends upon another proceeding in law or in equity. It is entirely remedial, and is resorted to either in aid of a pending action or in aid of an execution issued on a judgment already recovered."

Further, it is significant that the congressional purpose for prescribing mandatory venue provisions in actions against national banks, was expressed by the Supreme Court in *Charlotte National Bank v. Morgan, supra,* at page 145:

> "This exemption of national banking associations from suits in state courts, established elsewhere than in the county or city in which such associations were located, was, we do not doubt, prescribed for the convenience of those institutions and to prevent interruption in their business that might result from their books being sent to distant counties in obedience to process from state courts."

Our Garnishment Act, however, requires only that the garnishee appear before the court in which judgment in the principal action was rendered and answer in writing and under oath the interrogatories submitted by the judgment debtor. (Ill. Rev. Stat. 1971, ch. 62, par. 33.) Such a procedure is not of such a complex nature as that envisioned by Congress.

■■ In resolving this question, based on the record before us, we believe it appropriate to look at the equities involved. This court has held

that garnishment proceedings are equitable in nature. (*National Bank v. Newberg* (1st Dist. 1972), 7 Ill.App.3d 859, 866, 289 N.E.2d 197.) Plaintiff herein commenced a cause of action in the circuit court of Cook County and thereafter obtained a judgment in the amount of $764 plus costs. Thereupon, pursuant to and in accordance with its statutory right, plaintiff instituted the supplementary nonwage garnishment proceeding. So far as this record is concerned, there is nothing to indicate that by complying with the Garnishment Act the bank will in any way be prejudiced or caused to suffer any hardship. We must say, therefore, that the equities of this record certainly favor the plaintiff.

In deciding this issue in favor of the plaintiff, we are not, in any manner, suggesting what resolution would or should be made under the provision of the Banking Act on which the bank has relied, should the bank file a written answer and assert a no-fund or adverse claim in such a garnishment proceeding, together with a reservation of any rights under the said provision.

For the reasons set forth above the order of the circuit court of Cook County dated December 4, 1973, is affirmed and the cause is remanded back to that court for such other proceedings as may be appropriate.

Order affirmed and cause remanded for further proceedings.

HAYES, P. J., and LEIGHTON, J., concur.