DESIGN DECOR, INCORPORATED *vs.* MICHAEL J. BARCZAK & another. March 22, 1978. 1. In this action for breach of contract the motion of the defendant National Bank of Commerce (bank) to dismiss on the ground of improper venue (Mass.R.Civ.P. 12[b][3], 365 Mass. 755 [1974]) should have been allowed. The bank is a national bank with a principal place of business in Dallas, Texas. It is well settled that the provisions of 12 U.S.C. § 94 (1970) (which provides in substance that a national bank may elect to be sued in a Federal court "within the district in which [it is] ... established" or in a State court "in the county or city in which [it] ... is located"), upon which the bank relied in support of its motion, are mandatory and not permissive. *National Bank of No. America v. Associates of Obstetrics & Female Surgery, Inc.,* 425 U.S. 460, 461 (1976). *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 152 (1976). See *Citizens & So. Nat'l Bank v. Bougas,* 434 U.S. 35, 38 (1977). Neither of the generally recognized exceptions to the venue requirement — a purely local cause of action or a waiver by the bank (*First Fed. Sav. & Loan Assn. v. Merrimack Valley Nat'l Bank,* 5 Mass. App. Ct. 320, 322 [1977]) — applies to this case. Compare *Michigan Nat'l Bank v. Superior Court,* 23 Cal. App. 3d 1, 6-13 (1972), and *Robbins, Coe, Rubinstein & Shafran, Ltd., v. Ro Tek, Inc.,* 23 Ill. App. 3d 705, 707-710 (1974), with *Central Bank v. Superior Court,* 30 Cal. App. 3d 913, 918-919 (1973). That the application of § 94 may cause inconvenience to a plaintiff is irrelevant. *First Nat'l Bank v. United States Dist. Court,* 468 F.2d 180, 184 (9th Cir. 1972). 2. In view of our disposition of the first issue, it is unnecessary to consider the second issue raised by the bank on appeal. 3. The judgment is reversed, and a new judgment is to enter dismissing the action as to the bank.

*So ordered.*

The case was submitted on briefs.
*Henry A. Follen, Jr.,* for National Bank of Commerce.
*Geoffrey D. Wyler* for the plaintiff.