FILED
United States Court of Appeals
Tenth Circuit

August 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ACE INVESTORS, LLC

       Plaintiff-Appellee,

v.

MARGERY RUBIN, as Trustee of the
Rubin Family Irrevocable Stock Trust,

       Defendant.

v.

MARGERY RUBIN, as Trustee of the
Rubin Family Irrevocable Marital Trust,
MARGERY RUBIN, as Trustee of the
Rubin Family Irrevocable Realty Trust,

       Garnishees-Appellants.

No. 11-4164
(D.C. No. 2:08-CV-00289-TS-DN)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Margery Rubin, as Trustee of the Rubin Family Irrevocable Marital Trust ("Marital Trust"), and Margery Rubin, as Trustee of the Rubin Family Irrevocable Realty Trust ("Realty Trust") (the Trustees of the Marital Trust and the Realty Trust are jointly referred to as "Garnishees"), appeal from an order of restraint entered in a garnishment proceeding. Exercising jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), we REVERSE and REMAND to the district court to VACATE the order of restraint entered against the Garnishees.

## Background

In 2008, Appellee Ace Investors, LLC ("Ace") filed an action in federal court in Utah against defendant Margery Rubin, as Trustee of the Rubin Family Irrevocable Stock Trust ("Stock Trust"), to collect on a $1 million promissory note. Ms. Rubin, in her capacity as the trustee of the Stock Trust, stipulated to entry of judgment against the Stock Trust. In May 2010, the district court entered judgment against the Stock Trust and in favor of Ace in the amount of $1,174,426.46.

In April 2011, Ace applied for Writs of Garnishment to be served on the Marital Trust and the Realty Trust, seeking to garnish property of the Stock Trust that might be held by these other trusts and could be used to satisfy Ace's judgment. The Marital and Realty Trusts are New York trusts and their trustee, Ms. Rubin, lives in New York. Ace moved for service of the writs by publication or other alternative service. The district court granted that motion.

Counsel for the Garnishees entered a special appearance and objected to the writs of garnishment asserting, among other grounds, that the Garnishees were not subject to personal jurisdiction in Utah. Ace then filed a motion asking for various forms of relief, including an order restraining Ms. Rubin from disposing of, transferring, cancelling or otherwise interfering with any property of the Stock Trust, the Realty Trust or the Marital Trust until $2 million in assets was determined to be available in the three trust accounts. The magistrate judge held a hearing and then ordered supplemental briefing on the jurisdictional issue.

The magistrate judge then entered an order in which he concluded that the court had personal jurisdiction over Ms. Rubin individually, and therefore it had jurisdiction over all of the trusts of which she is a trustee. The magistrate judge also entered the order of restraint that Ace had requested. The Garnishees objected to the magistrate judge's order and sought a stay of the order of restraint.

The district court entered two separate orders. In the first order, the court denied the motion for stay and entered its own order of restraint. In the second order, the court overruled the objections to the magistrate's order. The district court did not discuss the magistrate judge's personal jurisdiction determination, other than to state that the "finding of jurisdiction was not contrary to law." Aplt. App., Vol. 2 at 637. The Garnishees now appeal from the district court's orders.

Discussion

On appeal, the Garnishees contend that the district court erred in entering the order of restraint because the court lacked personal jurisdiction over the Garnishees. "We review de novo questions of personal jurisdiction." *ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1214 (10th Cir. 2011).

"Garnishment is a legal proceeding brought by a creditor (garnishor) of a person (the debtor) against a third party (garnishee) to obtain property of the debtor in the hands of the third party to satisfy the debt owed to the garnishor." *Millard v. United States*, 916 F.2d 1, 3 (Fed. Cir. 1990). In a garnishment proceeding, the court must have jurisdiction over the third-party garnishee and the relevant property held by the garnishee. *See id.*; *Robbins, Coe, Rubinstein and Shafran, Ltd. v. Ro Tek, Inc.*, 320 N.E.2d 157, 161 (Ill. Ct. App. 1974). A court may exercise personal jurisdiction over a party based on the party's citizenship or domicile in the state, the party's explicit consent, or when the party has sufficient contacts with the state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2001) (internal quotation marks omitted).

In this case, Ace is the creditor, the Stock Trust is the debtor and the Marital and Realty Trusts are the third-party garnishees. As noted, Ms. Rubin is the trustee for all three trusts, but the judgment in the original action was entered solely against the Stock Trust. Jurisdiction in the original action was based on the promissory note

- 4 -

in which Ms. Rubin, in her capacity as the Trustee of the Stock Trust, consented to the "in personam jurisdiction of the courts of the State of Utah." Aplt. App., Vol. 1 at 60. Although the district court's analysis (via the magistrate judge) is abbreviated, the court appeared to conclude that the consent-to-jurisdiction clause in the promissory note gave the court jurisdiction not only over Ms. Rubin in her capacity as the Trustee of the Stock Trust, but also over her personally and over all of the trusts for which she was a trustee. As the court explained, "[a] trustee is a single person, and the actions taken by a trustee are her own actions, not actions taken by the trust, even when those actions are undertaken as a designated trustee" and Ms. Rubin was "the person that signed the note." Aplt. App., Vol. 2 at 599-600.

The Garnishees contend that the district court erred in its personal jurisdiction determination. While the Garnishees acknowledge that "the District Court had limited specific personal jurisdiction over [Ms. Rubin], in her capacity as Trustee of the Stock Trust, with respect to disputes arising from the Promissory Note," the Garnishees argue that "this specific jurisdiction did not extend to general personal jurisdiction over Ms. Rubin as an individual or specific personal jurisdiction over Ms. Rubin in her capacity as Trustee of the Non-Party Trusts." Aplt. Br. at 12. We agree with the Garnishees.

The district court's analysis reflects an antiquated view of the law of trusts. To support its analysis, the district court cited to Ace's memorandum in support of jurisdiction, *see* Aplt. App., Vol. 2 at 599 n. 2, which in turn relied primarily on a

case that is over one hundred years old, *Taylor v. Mayo*, 110 U.S. 330 (1884), *see* Aplt. App., Vol. 2 at 430-31.  Ace highlighted the following passage in its brief to the court:  "***The trust estate cannot promise; the contract is therefore the personal undertaking of the trustee.  As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such***."  *Id.* (quoting *Taylor*, 110 U.S. at 334-334).

The law of trusts, however, changed in the second half of the twentieth century with many states enacting legislation to distinguish between the representative and individual capacities of a trustee.  *See* 4 Scott & Ascher on Trusts § 26.2, at 1874 (5th ed. 2007) ("[T]here is now a substantial body of authority, much of it statutory, to the effect that a trustee who has signed a contract in a representative capacity is liable only in a representative capacity, and not personally."); *id.* at 1875 (explaining that "during the second half of the twentieth century, [concerns with the traditional scheme] gave rise to a profoundly different conception of trustee liability.").  Utah is one of the states that has enacted such legislation.  *See* Utah Code Ann. § 75-7-1010 ("Except as otherwise provided in the contract, a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary capacity in the course of administering the trust if the trustee in the contract disclosed the fiduciary capacity.").  Because Utah draws a distinction between a person acting in an individual capacity, on the one hand, and, on the other, that same person acting in the

- 6 -

capacity of a trustee, the district court's personal jurisdiction determination is contrary to Utah law.

A court must focus on the particular capacity in which a party is being sued in determining whether it has personal jurisdiction. *See, e.g., Trujillo v. Williams*, 465 F.3d 1210, 1218 n. 9 (10th Cir. 2006) (explaining that personal jurisdiction had not been established over Virginia corrections officials in their personal capacities and therefore court would consider the allegations against the Virginia defendants in their official capacities). Here, Ms. Rubin has four distinct capacities: her personal capacity, her representative capacity as the trustee of the Stock Trust, her representative capacity as the Trustee of the Marital Trust, and her representative capacity as the Trustee of the Realty Trust. Given these distinctions, the court may not rely on its specific personal jurisdiction over Ms. Rubin in her capacity as the trustee of the Stock Trust to exercise specific personal jurisdiction over Ms. Rubin in her capacity as the Trustee for the Marital and Realty Trusts. Accordingly, the district court may not order Ms. Rubin to restrain the assets of the Stock Trust that may be held in the Marital and Realty Trusts when it does not have jurisdiction over her in her representative capacity as the trustee for those trusts.

We REVERSE and REMAND to the district court to VACATE the order of restraint entered against the Garnishees.[1]

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[1] We note that Ms. Rubin, in her capacity as the trustee of the defendant Stock Trust, did not appeal from the order of restraint.